# UNITED STATES DISTRICT COURT
for the

District of Rhode Island

| | |
|---|---|
| United States of America<br>v.<br><br>Erin Lawrence<br><br>*Defendant(s)* | Case No. 1:19-MJ-80 LDA |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 1, 2019__ in the county of _____ in the _____ District of __Rhode Island__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(A); & 18 U.S.C. § 924(c)(1)(a). | Possession with intent to distribute 400 grams or more of fentanyl; & Possession of a firearm in furtherance of a drug trafficking crime. |

This criminal complaint is based on these facts:

See the attached Affidavit of Task Force Officer Dennis Smith, of the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF").

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Task Force Officer Dennis Smith - ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/16/19

_____
*Judge's signature*

City and state: Providence, Rhode Island     Lincoln D. Almond, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Dennis Smith, a detective with the Pawtucket Police Narcotics Division and a Task Force Officer assigned with the Providence Field Office of the Bureau of Alcohol, Tobacco, Firearms & Explosives, being duly sworn, depose and state the following:

1. I am a detective with the Pawtucket Police Department and have been so employed for 20 years. During my tenure as a law enforcement officer, I have participated in investigations that include the illegal distribution of controlled substances and crimes of violence perpetrated in furtherance of organized criminal activity. In addition, I have coordinated controlled purchases of illegal drugs utilizing confidential sources, cooperating witnesses, and undercover police officers. I have written, obtained and coordinated the execution of search and arrest warrants pertaining to the individuals involved in the distribution of illegal drugs. I have conducted electronic as well as physical surveillance of individuals involved in illegal drug distribution. I have also analyzed records documenting the purchase and sale of illegal drugs, provided testimony in both Grand Jury and District Court proceedings, and spoken with informants and subjects, as well as other local, state and federal law enforcement officers, regarding the manner in which drug distributors obtain, finance, store, manufacture, transport, and distribute their illegal drugs. I have participated in this investigation and, as a result, I am familiar with the information contained herein.

2. The following information is based upon my personal knowledge as well as information provided to me by other officers and agents and is presented in support of the issuance of a complaint and arrest warrant against Adrian MONTALVO, YOB:

1

1986, and Erin LAWRENCE, YOB: 1984, both of 22 Cornell Avenue, Pawtucket, RI, 02860, charging each with possession with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(a), and also charging MONTALVO with Possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).

3. On September 30, 2019, Detective Jared Boudreault, a member of the Pawtucket Police Department Special Squad/Narcotics Unit, learned from a Confidential Source (CS) – who was found to be in possession in excess of 30 grams of suspected fentanyl – that a person identified as Adrian MONTALVO, YOB: 1986, was selling large quantities of fentanyl in the city of Pawtucket. The CS provided information concerning MONTALVO in an effort to avoid criminal charges relating to his [1] possession of controlled substances. The CS had not previously been used as a source of information by the Pawtucket Police Department, but the information provided by the CS was investigated by members of the Pawtucket Police Department and was found to be accurate and reliable. The CS has had prior contacts with the criminal justice system outside of the District of Rhode Island on a felony matter and several misdemeanors, but not since 2005.

---

[1] For the sake of simplicity and to avoid possible identification of the source of information, the CS shall hereafter be referred to in the masculine gender.

4. The CS described MONTALVO as being approximately six foot tall, dark skinned very heavy set male in his early thirties and indicated he has been dealing with MONTALVO for approximately five years and knew the suspect had a Facebook page. The CS showed officers a Facebook page of the suspect bearing the name Adrian MONTALVO. The CS positively identified the male in the Facebook page photos as the individual from whom the CS purchases fentanyl. Officers conducted a records check on MONTALVO and found a RI driver's license photo which was shown to the CS, and the CS again positively identified MONTALVO as the person from whom he had purchased fentanyl in Pawtucket. Officers also noted that the person in the driver's license photo of MONTALVO matched the appearance of the individual in photos found on the Facebook page of Adrian MONTALVO.

5. The CS also provided a telephone number, 305-922-9102, that he used to contact MONTALVO. A query of an internal Pawtucket Police Department database revealed that said phone number was affiliated with a person identified as Adrian MONTALVO.

6. MONTALVO's records showed he uses the address of 22 Cornell Ave in the City of Pawtucket. This address is a single-family residence and a records check showed the residence is owned by a woman identified as Erin LAWRENCE, YOB: 1984. The CS was shown a Massachusetts driver's license photo of LAWRENCE and the CS positively identified LAWRENCE as MONTALVO's girlfriend. The CS also stated LAWRENCE owns the residence in which both LAWRENCE and MONTALVO reside.

The CS indicated that LAWRENCE was with MONTALVO in a motor vehicle on a number of occasions when the CS purchased controlled substances from MONTALVO in the motor vehicle.

7.  Efforts were made through the use of the CS to arrange controlled purchases of controlled substances from MONTALVO but these efforts were unsuccessful. In furtherance of the investigation, members of the Special Squad conducted surveillance of MONTALVO's residence at 22 Cornell Avenue and observed him coming and going from the residence using keys to lock and unlock the front door. A utilities check for 22 Cornell Avenue revealed that electric service at the address is in Adrian MONTALVO'S name. Further, during one surveillance, Detectives observed MONTALVO arrive at his residence, retrieve four trash barrels from the sidewalk and pull them into the yard of 22 Cornell Avenue, and then enter the front door of the residence using keys to gain access.

8.  On October 1, 2019, members of the Special Squad conducted a trash pull at MONTALVO's residence located at 22 Cornell Ave in Pawtucket. Prior to the trash pull, members of the Special Squad conducted surveillance of 22 Cornell Ave and observed four trash containers along the curb in front of said address on city property. The four trash barrels were the same barrels which, during earlier surveillance, Detectives observed MONTALVO pull into the yard. Members of the Special Squad seized approximately eight trash bags from inside the trash barrels. From the trash bags, Detectives located and seized approximately eight large clear vacuum-sealable

plastic bags, six of which contained a white powdery residue. A field test was conducted on the white powdery residue from two of the vacuum-sealable bags resulting in a positive reaction for the presence of fentanyl on both bags. Detectives also seized six smaller clear plastic sandwich bags, one of which also contained white residue. A field test of the white powder from this bag also revealed a positive reaction for the presence of fentanyl. Paperwork in the names MONTALVO and LAWRENCE was also found in at least two separate trash bags that also contained the plastic bags that tested positive for fentanyl. The trash bags also contained three empty 24-ounce bottles of Super Mannitol, which your affiant knows is commonly used as a cutting agent for fentanyl and heroin. Approximately 45 cut sandwich baggies were also seized from the trash bags, which your affiant knows are commonly used as packaging material for narcotics. Also seized from the same trash bag were four pieces of paperwork in the name of Adrian MONTALVO bearing the address of 22 Cornell Avenue, Pawtucket, in addition to two pieces of mail in the name of Erin LAWRENCE, bearing the same address.

9. A criminal history check on MONTALVO revealed that he has been arrested and convicted of several controlled substance distribution and possession-with-intent-to-distribute charges in the commonwealth of Massachusetts, having most recently received, on December 16, 2013, a sentence of no less than 2 and ½ years nor more than 4 years on a Possession of Heroin with Intent to Distribute, Subsequent

Offense. MONTALVO is currently out on bail in Massachusetts for a 2017 charging him with trafficking and possession with intent to distribute fentanyl, subsequent offense.

10. On October 1, 2019, Det. Jared Boudreault applied for a search warrant in the Rhode Island District Court to search MONTALVO and LAWRENCE'S residence at 22 Cornell Avenue in the Pawtucket. District Court Judge Stephen Isherwood signed the search warrant on the same date allowing Detectives to search the residence for, inter alia, controlled substances, evidence of controlled-substance distribution, narcotics-related proceeds, and firearms.

11. On October 1, 2019, members of the Special Squad executed the search warrant at 22 Cornell Avenue in Pawtucket. Prior to executing the warrant, at 10:45 a.m., members of the Special Squad observed MONTALVO leave the residence and travel to West Warwick where he entered a building and remained inside for approximately one hour. MONTALVO then left the building and traveled to 644 Elmwood Avenue in Providence where he entered a nutritional supplement store. MONTALVO exited the store carrying a Zebra-print plastic bag which appeared to have merchandise in it. He then travelled back to his residence and entered it carrying the Zebra-print plastic bag. MONTALVO later was observed exiting the residence and drove away in a white Jeep Wrangler. MONTALVO was thereafter stopped by a marked Pawtucket Police Cruiser and detained.

12. Detectives then used the keys taken from MONTALVO's person to gain entry to the residence after knocking and announcing themselves and not receiving an

answer. Upon entry, Detectives found no one in the residence. Pawtucket Police canines conducted a search of the residence and alerted on several areas which later yielded narcotics. Detectives later observed the same Zebra-print plastic bag, which MONTALVO earlier carried from the nutritional supplement store, on the kitchen table and found that it contained four bottles of Super Mannitol, which is commonly used as a cutting agent for narcotics.

13.     Detectives began their search of the residence when the following items, among other things, were located, photographed and seized by Detective Boudreault:

**First Floor Bedroom:**

- One (1) operable scale master digital scale (end table)

**First Floor Hallway Closet:**

- One (1) black Beats Studio box containing the following:
    - Bag 1. Five individual clear plastic bags containing a whitish powdery substance, total weight 168.56 grams.
    - Bag 2. Four individual clear plastic bags containing a whitish powdery substance, total weight 137.05 grams.
    - Bag 3. Nine individual clear plastic bags containing a whitish powdery substance, total weight 171.95 grams.
    - Bag 4. Thirty individual clear plastic bags containing a whitish powdery substance, total weight 170.50 grams.
    - Bag 5. One individual clear plastic bag containing a whitish powdery substance, total weight 52.21 grams.
    - Bag 6. One individual clear plastic bag containing a whitish powdery substance, total weight 25.62 grams.
        - A field test was conducted on this bag, yielding a positive result for the presence of fentanyl
    - Bag 7. Three individual clear plastic bags containing a whitish powdery substance, total weight 32.83 grams.

- o   Bag 8. Nine individual clear plastic bags containing a whitish powdery substance, total weight 32.53 grams.
  - Total weight of Bags 1 - 8: 791.25 grams.

Also found in this closet were an open box of Glad Sandwich bags; several watches; a folder containing 2017 tax return information for Adrian MONTALVO; a folder containing 2017 tax return information for Erin LAWRENCE; Pawtucket Credit Union paperwork in the name of Adrian MONTALVO, 22 Cornell Avenue; and an Envoy Mortgage letter addressed to Erin LAWRENCE of 22 Cornell Avenue.

### Living Room:

- RI Driver's license and RI Medical Marijuana Patient card in the name of Adrian MONTALVO
- One open box of Glad Sandwich bags
- One folder containing 2018 tax return information for Erin LAWRENCE
- One RI DOC Corrections envelope addressed to Adrian MONTALVO of 22 Cornell Ave.
- One (1) Pawtucket Water Supply bill addressed to Erin LAWRENCE of 22 Cornell Ave.
- One (1) EZ Pass invoice addressed to Erin LAWRENCE of 22 Cornell Ave.
- One (1) Verizon bill addressed to Adrian MONTALVO dated September 2019

### Dining Room:

- Four 16 ounce sealed Super Mannitol bottles (in plastic Zebra bag near table)

### Kitchen:

- One open box of Glad Sandwich bags (counter)
- One open box of Force Flex white trash bags with black draw strings (same as those retrieved from trash barrels during earlier trash pull)

### Upstairs Bedroom:

- One locked Sentry combination safe in the closet containing various jewelry, MA DOT title addressed to Erin LAWRENCE for a 2017 Jeep, and two clear plastic Hefty bags containing a total of $73,000.00 in US Currency.

- various paperwork in the names of both MONTALVO and LAWRENCE

**Finished Basement area:**

- One FoodSaver Vacuum Sealer (on bench)
- One Magic Bullet NutriBullet w/ no mixer (on bench)
- One vacuum bag roll (on bench)
- One Magic Bullet NutriBullet w/mixer with residue in it (domino table)
- One Magic Bullet NutriBullet w/ no mixer (tote bin)
- One blender top (tote bin)
- Two open boxes of Glad Sandwich bags (tote bin)
- One open box of Glad Sandwich bag (under bench)
- Two plastic mixer cups (tote bin)
- One operable black CR digital scale model # JDS-5000 (chair)
- One operable Digiweigh silver scale (domino table)
- One operable CR digital scale model JDS-J100B (window shelf)
- One 100 gram calibration scale (window shelf)
- One open box of FoodSaver vacuum seal bags containing 5 rolls (couch)
- One 24 oz bottle of Mannitol (on mini refrigerator)
- Two 24 oz bottles of Mannitol (under bench)
- Two 16 oz. bottles of Mannitol (Century box)
- One green candle with hidden compartment (hutch under TV)
- One box containing Digiweigh Pocket scale (hutch under TV)
- One Motorola cell phone (hutch under TV)
- **One green Crown Royal bag containing Glock 26 handgun with 5 rounds, bearing an obliterated serial number (in coffee table).**
- One white mail package containing the following suspected narcotics (in coffee table):
    - Bag 9. One Freezer Bag/Food Save Bag containing a whitish powdery substance, total weight 410.5 grams
    - Bag 10. One Food Saver Bag containing a rectangular shaped brick of a whitish substance, total weight 910.8 grams
        - Field tests were conducted on Bags 9 & 10, yielding a positive result for the presence of fentanyl
    - Bag 11. Two individual clear plastic bags containing a whitish powdery substance, total weight 5.8 grams.

- Bag 12. One individual clear plastic bag containing a brownish powdery substance, total weight 52.1 grams.

**\*Grand Total weight of all seized narcotics: 2118.35 grams\***

- Approx. 50 clear plastic bags with the corners missing/"cuts" (trash)
- Pieces of green cellophane wrapping (trash)
- Black wrapping with white residue on it (trash)
- One open empty 24oz Mannitol bottle (trash)
- One Pawtucket Credit Union letter addressed to Adrian MONTALVO of 22 Cornell Ave. (coffee table)
- One Verizon bill in the name of Adrian MONTALVO (coffee table)
- One Check-N-Go letter in the name of Adrian MONTALVO (coffee table)
- One envelope addressed to Adrian MONTALVO of 22 Cornell Ave. (hutch under TV)

Also seized from MONTALVO'S person at the time of his arrest:

- One Samsung Galaxy Note 9
- One set of house keys
- $5,950.00 US Currency
- One silver Bulova watch with diamonds

The cell phones of both MONTALVO and LAWRENCE were seized pending further investigation. The total sum of US Currency, $79,106.00 was held pending forfeiture proceedings. The field tested bags of narcotics were all sealed, initialed and dated by Detective Boudreault. All of the suspected narcotics were prepared for delivery to the RI State Toxicology Lab. Toward the end of the search warrant execution, LAWRENCE arrived at the residence in her vehicle and was taken into custody.

14. Based upon the foregoing facts, and my training and experience, I believe probable cause exists to support the issuance of a complaint and arrest warrant against Adrian MONTALVO, YOB: 1986, and Erin LAWRENCE, YOB: 1984, both of 22 Cornell Avenue, Pawtucket, RI, 02860, charging each with possession with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(a), and also charging MONTALVO with Possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1), and request that arrest warrants be granted accordingly.

Dennis Smith
ATF Task Force Officer

Sworn to before me this 16th day of October, 2019.

LINCOLN D. ALMOND
United States Magistrate Judge